United States Court of Appeals
Fifth Circuit

**F I L E D**

April 21, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51049
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERMAN JOHNSON, III,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-03-CR-108-2
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Ferman Johnson, III, pleaded guilty to possession with intent to distribute heroin and was sentenced to 78 months' imprisonment and three years' supervised release. Johnson argues that the district court erred in denying him the adjustment for acceptance of responsibility. He argues that he admitted that he possessed the heroin and that the truthfulness of his statement concerning the reason for his trip to Brieger's house is irrelevant. He also argues that the evidence in the record was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insufficient to show that he possessed the heroin discovered in the back seat of the patrol car.

The record of Johnson's interview with the probation officer shows that Johnson, despite the fact that he pleaded guilty, was attempting to distance himself from responsibility for his conduct comprising the offense. Johnson did not admit that he went to Brieger's house for the purpose of delivering heroin in response to Brieger's call. Johnson did not admit that he possessed the heroin; he stated that the truck was Brieger's and that he knew heroin was in the truck. Johnson's statements were a sufficient foundation for the district court to conclude that he had not truthfully admitted the conduct comprising the offense of conviction and thus had not clearly demonstrated acceptance of responsibility. U.S.S.G. § 3E1.1(a) and comment. (n.1(a)); United States v. Vital, 68 F.3d 114, 121 (5th Cir. 1995).

Johnson also argues that the district court's reliance on the fact that he received an upward adjustment for obstruction of justice under U.S.S.G. § 3C1.2 for reckless endangerment during flight was erroneous because the guidelines limit the denial of acceptance of responsibility based solely on conduct arising under U.S.S.G. § 3C1.1. He argues that because U.S.S.G. § 3E1.1 specifically mentions U.S.S.G. § 3C1.1, it excludes U.S.S.G. § 3C1.2 by implication.

Reckless endangerment during flight is included in the general guidelines section on obstruction, and a district court

would be within its discretion to determine that a defendant who engages in conduct warranting an upward adjustment for reckless endangerment during flight has not clearly demonstrated acceptance of responsibility, especially when he later denies the conduct warranting the obstruction adjustment.

AFFIRMED.